John Shaeffer (SBN 138331)
  jshaeffer@foxrothschild.com
Jeff Grant (SBN 218974)
  jgrant@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd. Suite 900
Los Angeles, CA 90067
Telephone:  310-598-4150
Facsimile:   310-556-9828

Tom Dao (SBN 200925)
  tdao@koslaw.com
KLEIN, O'NEILL & SINGH, LLP
16755 Von Karman, Suite 275
Irvine, CA 92606
Telephone:  949-955-1920
Facsimile:   949-955-1921

Attorneys for Plaintiff,
ECOJET, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ECOJET, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>LURACO, INC,<br><br>  Defendant. | Case No.: 16-CV-00487-AG-KES<br><br>Hon. Judge Andrew J. Guilford<br><br>**OBJECTION TO LURACO'S NOTICE REGARDING REEXAMINATION REJECTION AND REQUEST FOR JUDICIAL NOTICE (DKT. NO. 163)**<br><br>Trial:             Nov. 2-3, 2017 |

## I. INTRODUCTION

Plaintiff Ecojet, Inc. ("Ecojet") hereby objects to Luraco Inc.'s ("Luraco") Notice Regarding Reexamination and Request for Judicial Notice ("Notice"). Dkt. No. 163. Luraco's Notice first provides the Court with a copy of the Non-Final Office Action in *Ex Parte* Reexamination ("Non-Final Office Action"). The Notice thereafter asks the Court to take judicial notice of three supposed facts relating to that Non-Final Office Action. The Court should disregard the Non-Final Office Action and deny the request of judicial notice.

This material is wholly irrelevant. Luraco's Notice is tellingly devoid of any statement regarding the relevance of the matters set forth therein. Neither the document nor the alleged facts relate to the issues left remaining in the case – whether Luraco's pumps infringe Claims 4 and 20 of Ecojet's U.S. Patent No. RE45844 (the "Patent-in-Suit"). While not stated, it appears Luraco wants the Court to reconsider its prior ruling denying Luraco's request to stay the case pending the reexamination. Dkt. No. 147.

Luraco's backhanded effort to revisit prior rulings should be rejected out of hand. Luraco failed to follow any of the procedures associated with a request for reconsideration. Luraco failed to identify the standards for reconsideration and/or the underlying standards for when stays are, and are not, appropriate. Indeed, Luraco failed to follow any of the procedures associated with requests for relief of any kind. Luraco's three-sentence Notice falls well short of satisfying the protocol for noticed motions set forth in the Local Rules. Luraco's Notice is procedurally defective and substantively meritless, and should be disregarded.[1]

---

[1] The timing of Luraco's Notice undermines the notion that the Non-Final Office Action has any import whatsoever. The Non-Final Office Action was issued on December 20, 2017 and was served on Luraco through its patent attorney. Luraco, however, did not file the document at that time or at any time prior to the deadline for Ecojet to file its Closing Argument (January 8, 2018). Luraco furthermore did not provide the Court "notice" of the Non-Final Office Action in its own Closing

## II. LURACO'S BACKHANDED REQUEST FOR RECONSIDERATION SHOULD BE REJECTED

### A. The Court Has Already Ruled that the Pending *Ex Parte* Reexamination Proceeding Does Not Warrant Staying this Action

This Court has already acknowledged the pendency of the *ex parte* reexamination and ruled that it does not justify staying the resolution of this action. The reexamination was instituted on September 19, 2017, shortly before trial. Luraco thereafter moved to stay the case pending the resolution of the reexamination.[2] Luraco's request was denied. Dkt. No. 147. The case was tried on November 2 and 3, 2017.

Luraco's "Notice" constitutes an improper, backdoor request that the Court reconsider its earlier ruling. To be clear – Luraco did not actually move the Court to reconsider its prior ruling. Luraco did not identify the standards applicable to reconsideration requests. Rather, Luraco filed a one-page "Notice" regarding the reexamination process, impliedly suggesting that the Court should now, *after trial*, stay the case. Luraco's innuendo, however, should be disregarded.

---

Argument (filed January 22, 2018) or articulate therein why the Court should consider the Non-Final Office Action in conjunction with the Court's decision on the merits after trial. Luraco instead waited until after the parties had fully brief their closing arguments. On January 29, 2018, hours after Ecojet filed its Rebuttal (Dkt. No. 161), Luraco filed its Notice and advised the Court of a non-final action that transpired more than one month earlier. Surely, if the Non-Final Office Action required staying the case, Luraco should have filed a properly-noticed motion for reconsideration shortly after it issued.

[2] Luraco initially filed a 15-page *ex parte* application to continue the trial. Dkt. No. 132. The Court denied Luraco's *ex parte* application, noting Luraco failed to satisfy (or, for that matter, identify) the standards for *ex parte* relief. Dkt. No. 134. Luraco filed its First Amended Motion to Stay Pending the Patent & Trademark Office's Reexamination of the Patent-in-Suit on October 2, 2017. This motion, which was heard after an abbreviated briefing schedule stipulated to by Ecojet, was denied by the Court in an order dated October 23, 2017. Dkt. No. 147.

A request for reconsideration must be made by motion. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Local Rule 7-1 through 7-20 provide a number of requirements for parties filing motions. Luraco's backhanded motion for reconsideration satisfies none of these requirements. Courts frequently reject requests for reconsideration disguised as other motions, and that is the appropriate result here as well. *See, e.g., In re Tut Sys., Inc. Secs. Litig.*, No. 01-2659, 2003 U.S. Dist. LEXIS 24472, *12 n.3 (N.D. Cal. Aug. 6, 2003) (rejecting attempt to argue for reconsideration in motion to dismiss); *In re Terayon Comms. Sys., Inc. Secs. Litig.*, No. 00-01967, 2002 U.S. Dist. LEXIS 5502, *8 (N.D. Cal. Mar. 29, 2002) (rejecting a "back-door attempt at reconsideration").

**B.  The Court Should Not Revisit Its Prior Ruling to Deny Luraco's Motion to Stay the Case**

This case is now far past the point at which a reexamination proceeding could justify a stay. Luraco, of course, offers no authority for its suggestion that the Court should suspend judgment now, *after trial*, until the reexamination process has run its full course. Even if the Court were inclined to treat Luraco's "Notice" as a request for reconsideration – despite Luraco's failure to follow any of the procedures associated with a request for reconsideration – it should again refuse to grant Luraco a stay.

In determining whether to stay a case during reexamination, courts consider the following factors:

(1) whether a stay would simplify the issues in question and trial of the case;

(2) whether discovery is complete and whether a trial date has been set; and

(3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, No. 13-cv-02218, 2013 WL 5289015, at *2 (N.D. Cal. Sept. 18, 2013) (citing *In re Cygnus Telecomm's Tech., LLC, Patent Litig.*, 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005)).

The application of these factors weigh forcefully against staying this case. Here, a stay would not simplify issues for trial. Discovery is complete and trial has already occurred. A stay would, however, unduly prejudice the non-moving party. The *ex parte* reexamination has only just begun. Conversely, Ecojet instituted this action on March 15, 2016 – almost two years ago. Ecojet has dutifully litigated this case through trial. The time for a resolution has come.

Ecojet would suffer dearly if the Court were to stay the case now. At trial, Ecojet relied upon the Court's decision not to stay the case. Ecojet has always contended that Luraco infringes numerous claims of the Patent-in-Suit. This includes the independent claims that Ecojet pressed at trial (Claims 4 and 20), and other dependent claims that Ecojet did not take to trial (including, *inter alia*, Claims 25 and 26). Critically, as set forth in the Non-Final Office Action, the examiner agreed that both Claims 25 and 26 are patentable without any further argument or amendment from Ecojet.[3]

Ecojet easily could have pressed all of the asserted claims, including Claims 25 and 26, at trial. All asserted claims survived summary judgment. However, Ecojet made a decision not to do so after the Court rejected all of Luraco's validity challenges and denied Luraco's request for a stay. As there was no dispute as to the validity of any claims, there was no need to lengthen the evidentiary presentation to include all of the claims. In other words, Ecojet slimmed its case down for the sake of efficiency and in reliance upon an understanding that, for the purposes of this lawsuit at least, the claims were valid as a matter of law.

Luraco infringes Claims 25 and 26 for all the same reasons that it infringes Claims 4 and 20, which were asserted at trial. Notice, Ex. A, at 9. Dependent Claim 25 recites: "[a] jet pump as in claim 20, wherein an inner zone of the cap inner surface

---

[3] More precisely, the Examiner has "objected to" Claims 25 and 26, but stated that these claims "would be allowable if rewritten in independent form." Notice, Ex. A, at 9.

in the inlet has a first radial length and is inclined relative to the axis along the first radial length, a medial zone of the cap inner surface has a second radial length and is normal to the axis along the second radial length, and an outer zone of the cap inner surface has a third radial length and is inclined relative to the axis along the third radial length, the medial zone being between the inner and outer zones." Ecojet's fluid mechanics expert, Dr. Michael Johnson, stated in a declaration filed in this case that "in each of the Accused Products, there exists a cap with an inner surface that has an inlet with a first radial length that is inclined relative to the axis along that first radial length, a medial zone on the cap inner surface that has a second radial length and is normal to the axis along the second radial length, and the outer zone of the cap inner surface that has a third radial length that is included relative to the axis along the third radial length. In each Accused Product, the medial zone is between the inner and outer zone." Dkt. No. 79-6, Ex. A, at 38.

For the convenience of the Court, reproduced below are familiar graphical depictions of Defendant's cap, to which labels have been added to identify the recited "inner zone", "medial zone", and "outer zone" of Claim 25.





As previously opined by Dr. Johnson, and as can be determined with reference to the above depictions of Defendant's cap, Luraco's products infringe dependent Claim 25.

Dependent Claim 26 recites, "[a] jet pump as in claim 25, wherein the wall comprises the medial zone of the cap inner surface." With regard to this claim, Dr. Johnson stated, "in each of the Accused Products, the wall, which separates a volume, comprises the medial zone of the cap inner surface." *Id*. At 39. As such, and as can be determined with reference to the above depictions of Luraco's cap, Luraco's products additionally infringe dependent Claim 26.

The Non-Final Office Action relied upon by Luraco states that dependent Claims 25 and 26 are *valid* if rewritten to become independent claims – without any further argument from Ecojet. Had the Court stayed the case in response to Luraco's earlier request, Ecojet, of course, would have asserted Claims 25 and 26 at the later trial. Luraco infringes Claims 25 and 26 in the exact same manner as it infringes the two claims that Ecojet did take to trial. However, the Court *denied* Luraco's request to stay and allowed the case to proceed to trial. Ecojet thereafter relied on the fact that all of the claims were presumptively valid and narrowed its case to two independent

claims. Ecojet would be severely prejudiced if the Court stayed the case now, after a trial limited to Claims 4 and 20.

### C. Luraco's Invalidity Arguments Lack Merit and Will Not Result in Any Amendments to the Asserted Claims

The Court has already considered – and rejected – Luraco's contention that the asserted claims are invalid and/or unenforceable. The Court disposed of Luraco's arguments on summary judgment in ruling that Luraco had failed to even raise a genuine question of fact. Consequently, while validity of an issued patent is always presumed, here, Luraco's efforts to overcome that presumption did not even warrant a trial.

The reexamination will not change that result as a related patent with *broader* claims was issued by the USPTO after the examiner considered Luraco's prior art references. Although Luraco sought reexamination based on several combinations of seven different references, the examiner in the reexamination saw fit to use only a single combination of two of the references ("Chen" and "Booth") as the basis for a rejection of some, but not all, of the claims. However, *both* Chen and Booth were considered by the examiner of a related application. That application resulted in the issuance of another, related patent with broader claims than those at issue in this litigation.[4] There is every reason to believe that the narrower claims in the Patent-in-Suit will survive reexamination unscathed.

In any event, the fact that the examiner's first office action contained non-final rejections is entirely irrelevant. Non-final office actions are, of course, *not final.* As the Court is aware, the Non-Office Action is the first substantive action in the reexamination, and not a fair indicator of how the reexamination will turn out. Ecojet has the opportunity to respond to the Non-Office Action by making arguments and/or

---

[4] A copy of that related patent, U.S. Patent No. RE46,655, is attached hereto as **Exhibit A**.

claim amendments, and even interviewing the examiner. Due to striking deficiencies in the disclosures of the cited references, Ecojet believes that these initial rejections can be overcome without amendment to any of the claims.[5] A rejection at the early stage is exceedingly common and does not suggest that Ecojet's claims will be invalidated.

As noted in *Presidio Components Inc. v. Am. Tech. Ceramics Corp.*, 723 F. Supp.2d 1284, 1301 (S.D. Cal. 2010), *aff'd* in part, vacated in part, 702 F.3d 1351 (Fed. Cir. 2012):

> [J]ust like its name implies, the First Office Action is only a preliminary determination by the USPTO—it is not a "final" action, and the examiner could still change his decision or completely reverse it before issuing the final action.

*Id.*, (citing 37 C.F.R. §§ 1.112, 1.550; *Heinl v. Godici*, 143 F.Supp.2d 593, 598–99 (E.D. Va. 2001); *Cimcore Corp. v. Faro Techs., Inc.*, Civil No. 03-cv-2355, 2007 WL 935665, at *2 (S.D. Cal. Mar. 12, 2007) ("The office action is a first office action, not a final rejection by the USPTO. Even if it were a final rejection, until the patentee addresses the rejections with argument or claim amendments and the reexamined patent issues, the prosecution history is incomplete and estoppel has yet to be determined.").

## III.  LURACO'S REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED

In accordance with Federal Rule of Evidence 201(b), a fact may be judicially noticeable in federal court only if it is one that is "not subject to reasonable dispute" - *i.e.*, indisputable. Fed. R. Evid. 201(b). The fact must, of course, also be relevant. *Blye v. California Supreme Court*, No. 11-cv-5046, 2014 WL 295022, at *1 (N.D. Cal. Jan. 21, 2014) (irrelevant matters not subject to judicial notice). Luraco asks the

---

[5] However, even in the unlikely event that Plaintiff were to fail to overcome any of the initial rejections, Claims 25 and 26 have already been specifically identified as being allowable, and will survive the reexamination.

Court to take judicial notice of the following three supposed facts: (1) "the office action rejects claims 4 and 20;" (2) "any response to the rejection must be filed no later than February 20, 2018" and (3) "the USPTO will not allow any extension of time to file the response."

None of Luraco's assertions are properly the subject of judicial notice, as they are not relevant. These statements do not relate to any claim or defense that was at-issue during the evidentiary presentation. Rather, they relate only to Luraco's improper sleight-of-hand request for reconsideration – not to any issue that is properly before the Court. Luraco's request for a judicial notice should, therefore, be denied.

## IV. CONCLUSION

For all of the foregoing reasons, the Court should deny Luraco's explicit request for judicial notice and reject Luraco's backhanded efforts for reconsideration of the Court's prior rulings regarding the appropriateness of a stay in light of a pending *ex parte* reexamination proceeding.

Respectfully submitted,

Dated: February 5, 2018                    FOX ROTHSCHILD

By: /s/ Jeff Grant
    John Shaeffer
    Jeff Grant
    Attorney for Plaintiff Ecojet, Inc.