John Shaeffer (SBN 138331)
jshaeffer@foxrothschild.com
Jeff Grant (SBN 218974)
jgrant@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd. Suite 900
Los Angeles, CA 90067
Telephone: 310-598-4150
Facsimile: 310-556-9828

Tom Dao (SBN 200925)
tdao@koslaw.com
KLEIN, O'NEILL & SINGH, LLP
16755 Von Karman, Suite 275
Irvine, CA 92606
Telephone: 949-955-1920
Facsimile: 949-955-1921

Attorneys for Plaintiff,
ECOJET, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ECOJET, INC., <br><br> Plaintiff, <br><br> v. <br><br> LURACO, INC, <br><br> Defendant. | Case No.: 16-CV-00487-AG-KES <br><br> Hon. Judge Andrew J. Guilford <br><br> **PLAINTIFF ECOJET INC.'S OPPOSITION TO LURACO, INC.'S MOTION FOR EXCEPTIONAL CASE FINDING AND ATTORNEY FEES** <br><br> Date: August 6, 2018 <br> Time: 10 a.m. <br> Place: Courtroom 10D |

**ECOJET'S OPPOSITION TO LURACO'S MOTION FOR ATTORNEY FEES**

## I. INTRODUCTION

The motion of Defendant Luraco, Inc. ("Luraco") for an award of attorneys' fees should be denied. Luraco offers three reasons why it should be awarded its fees incurred in defending this suit. None hold water.

**First,** Luraco did not depose Chris Luong, the owner of Plaintiff Ecojet, Inc. ("Ecojet") and a named inventor of the Patent-in-Suit, before trial, and Mr. Luong did not attend the first day of the two-day trial. Luraco, however, never requested to depose Mr. Luong before June 5, 2017, less than a month before the discovery cutoff. While mutual scheduling conflicts intervened, it is telling that Luraco did not take a single deposition of any witness in this case and furthermore failed to even serve a single notice of deposition. While Mr. Luong did not attend the first day of trial, he was not even on Luraco's witness list and, in any event, returned from a business trip in time to be fully examined during Luraco's case-in-chief.

**Second,** Luraco's contention that it incurred unnecessary fees and costs associated with an inventorship defense is nonsensical. Luraco opposed Ecojet's motion for summary adjudication of this defense with the uncorroborated declaration of the purported unnamed inventor. The Court granted Ecojet's motion and summarily disposed of this claim in Ecojet's favor.

**Third,** Luraco contends that this case is exceptional because it competes with Ecojet, and felt compelled to change the design of the Accused Devices to avoid Ecojet's infringement claims. No court anywhere has ever suggested that a case is exceptional simply because it was instituted by competitor rather than, say, a non-practicing entity.

While there are several sources of authority empowering Courts to issue an award of attorneys' fees, none of support an award of fees here. Luraco failed to present anything that could support the threshold finding necessary triggering this Court's discretion to award fees.

**ECOJET'S OPPOSITION TO LURACO'S MOTION FOR ATTORNEY FEES**
1

## II. BACKGROUND

### A. Discovery

Ecojet initiated this action against Luraco with the filing of a complaint on March 15, 2016. (Dkt. 1.) Pursuant to its June 27, 2016 Scheduling Order, the Court set July 3, 2017, for completion of both fact and expert discovery. (Dkt. 24.) On June 5, 2017, months after Ecojet had completed both its fact and expert discovery, Luraco for the first time indicated that it wished to depose Mr. Luong and Ecojet's designated experts.[1] While the parties initially agreed that Mr. Luong's deposition would take place on June 20, 2017, Ecojet had to reschedule and offered June 23. (Shaeffer Decl. Ex. A.) When that date did not work for Luraco, the parties agreed on July 10, which was after the discovery cutoff. (Dkt. 114-4.) On July 6, 2017, counsel for Ecojet informed Luraco that they were in trial on another matter that may not end by July 10, and requested a further extension on Mr. Luong's deposition. (Dkt. 114-4.) Luraco never followed up again concerning Mr. Luong's deposition. Luraco never took a deposition in this case. Indeed, Luraco never issued a single deposition notice.

### B. Summary Judgment

During the final week of July, both Ecojet and Luraco filed their respective motions for summary adjudication. (Dkts. 86, 90.) Following oral argument, the Court, pursuant to its September 9, 2017 order, granted in part and denied in part the parties' respective motions. (Dkt. 124.) The Court granted Ecojet's motion with respect Luraco's affirmative defense based on improper inventorship. The Court agreed that, as a matter of law, the record was devoid of clear and convincing evidence that someone other than the three named inventors conceived of the invention. (*Id.* at 8-9.) While Luraco had submitted the declaration of a purported co-

---

[1] *See* June 5, 2017 email from Warren Norred to Jeff Grant, which is part of an email string a copy of which is attached to the accompanying declaration of John Shaeffer ("Shaeffer Decl.") as Exhibit A.

**ECOJET'S OPPOSITION TO LURACO'S MOTION FOR ATTORNEY FEES**
2

inventor, it failed to submit any corroborating evidence as required by governing law. (*Id.* at 8.)

The Court similarly granted Ecojet's motion with respect to all of Luraco's other affirmative defenses. (Dkt. 124.) With respect to obviousness and anticipation, the Court first threw out the declaration of Luraco's expert in this regard because it relied upon prior art not discussed or disclosed in the expert's report or in his subsequent deposition. (*Id.* at 8-9.) Without the support of its expert, the Court found that the remainder of Luraco's "evidence" supporting these defenses amount to nine lines of attorney argument that the Court found insufficient to create a genuine dispute of material fact. (*Id.* at 9.) The Court similarly summarily disposed of Luraco's remaining plea defenses, finding that Luraco did "not respond with any arguments supporting these previously plead invalidity defenses." (*Id.*)

The Court next addressed the parties' competing claims that they each were entitled to summary disposition of Ecojet's infringement claim. In particular, the Court focused on whether the Accused Devices practices the wall limitation of the Patent-in-Suit. (*Id.* at 10-13.) The Court initially recounted that it "constructed the 'wall' limitation as 'a dividing structure that separates volume.'" (Dkt. 60 at 7.) The Court noted that "the wall cannot be merely a boundary defining a space as proposed by [Ecojet]. Rather, it must be capable of dividing or directing a volume of water." (Dkt. 124 at 11 citing Dkt. 90 at 22.)

The Court noted Ecojet's assertion "that the accused products separate inlet and outlet flow by narrowing the gap between the top of the impeller and the cap, 'a narrowing effectuated by "the wall" on the inner surface of the cap.'" (*Id.*) "In response to [Ecojet's] summary judgment, [Luraco] submit[ed] a declaration from its expert Hoang Pham … stating that the accused products do not have a wall structure." (*Id.* at 12.) While Luraco also offered a confirming opinion from one if its executives, the Court agreed with Ecojet that such testimony was an "improper expert opinion for purposes of determining patent infringement." (*Id.*)

In conclusion, the Court first noted that "[t]he parties don't … dispute the Court's construction but rather focus on whether the ridge on the cap between the inlet holes and outlet holes is a 'wall,' *i.e.* 'a dividing *structure* that separates a boundary.'" (*Id.* [emphasis in original].)  The Court denied both Ecojet's and Luraco's motions in the regard, holding that "[u]litmately, how a person of ordinary skill would apply the claim language to the accused products is a question of fact." (*Id.*)

### C. Trial

A bench trial commenced on November 2, 2017.  (Dkt. 152.)  Initially, Luraco objected that Mr. Luong was not present in the courtroom.[2]  Ecojet agreed that Mr. Luong would be present for the second day of trial and available to be examined by Luraco during its case-in-chief.  (1 RT 8:18-9:21.)

Following opening statement, Ecojet called its first witness, Michael Johnson, who was qualified to give expert opinion testimony.  (1 RT 22:5-12, 36:14-22.)  Dr. Johnson identified the structure between the cap's inlet and outlet of the Accused Devices as the wall that separated the volume flowing into the Accused Devices from the volume flowing out of the Accused Devices.  (1 RT 58:19-60:6, 78:16-24, 106:20-107:25.)  Dr. Johnson testified that all pipeless pumps require a wall structure to work otherwise there would be no organized flow.  (1 RT 73:17-21, 80:8-23, 106:12-107:21.)  He acknowledged, however, the structure for separating volumes can be implemented differently.  (1 RT1 71:22-72:8.)  Dr. Johnson's testimony would turn out to be the only evidence of "how a person of ordinary skill would apply the claim language to the accused products" introduced at trial.  (Dkt. 124 at 12.)

Following the close of Ecojet's case near the end of the first day of trial, Luraco moved the Court for a directed verdict.  (1 RT 178:24-181:20.)  The Court denied the motion.  (1 RT 181:20.)

---

[2] *See* Reporters Transcript ("RT") at 5:3-20.  Relevant portions of RT are attached as Shaeffer Decl. as Exhibit B.  All subsequent references to RT refer to Exhibit B to Shaeffer Decl.  Because the reporter started each day's transcript with page 1 a "1" will precede RT to designate the first day of trial and "2" to designate the second.

**ECOJET'S OPPOSITION TO LURACO'S MOTION FOR ATTORNEY FEES**
4

Luraco called as its first witness its designated expert Dr. Pham. (1 RT 183:7-21.) When Luraco attempted to qualify Dr. Pham as an expert, Ecojet objected and a *voir dire* ensued. (1 RT 183:12-20.) During the course of the *voir dire*, Dr. Pham admitted that at the time of his deposition he did not know what a claim referred to with respect to a patent. (1 RT 187:14-25.) Dr. Pham further testified that he based his opinions on a comparison of the Accused Devices with a product he understood Ecojet sold. (1 RT 190:2-5). Following the completion of *voir dire*, and after considering Luraco's argument, the Court exercised its gatekeeper function and refused to allow Dr. Pham to testify any further. (1 RT 192:6-12.) Luraco introduced no evidence to dispute Dr. Johnson's testimony that a person of ordinary skill in the art would conclude that the Accused Devices included the wall limitation set forth in the relevant claims of the Patent-in-Suit.

### D. The Judgment

Pursuant to the Court's direction, Ecojet filed its written closing argument on January 8, 2018 (Dkt. 158), Luraco submitting its closing argument on January 22, 2018 (Dkt. 159), and Ecojet then on January 29, 2018, filed its rebuttal with proposed conclusions of law and fact (Dkt. 161).

On May 30, 2018, the Court issued its Findings of Fact and Conclusions of Law. (Dkt. 166.) With respect to the "wall," the Court found that Dr. Johnson … identified the 'structure' between the inlet holes and the outlet holes of the cap of the Accused Devices as the wall that separated the volume flowing into the Accused Device from the volume flowing out of the Accused Devices." (Dkt. 166 at 6:25-27.) The Court continued, however, that "what Dr. Johnson actually identified as the wall 'structure' was simply the general surface of the cap itself between the inlet holes and the outlet." (*Id.* at 8:26-28 [further citation omitted].) The Court concluded that "[a]lthough it's possible that features on the surface of the cap could meet the 'wall' limitation …, [Ecojet] has not presented sufficient evidence identifying particular

**ECOJET'S OPPOSITION TO LURACO'S MOTION FOR ATTORNEY FEES**
5

features on the cap surface of the Accused Product that meet this limitation." (*Id.* at 9:3-6.)

On June 20, 2018, the Court entered judgment denying Ecojet's claim of infringement and granting Luraco's claim for non-infringement. (Dkt. 168.) A week later Ecojet filed its notice of appeal. (Dkt. 169.)

## III. DISCUSSION

Luraco believes it should be awarded attorneys' fees because:

- Ecojet failed to produce Mr. Luong for deposition and he did not appear on the first day of trial;
- Luraco pursued an inventorship defense; and
- Ecojet brought its case for marketing, rather than for substantive merit.

Luraco refers the Court to four separate bases for such an award:

1. Its discretion pursuant to 28 U.S.C. § 285 upon a finding that this case is exceptional;
2. As a sanction for "multipli[ng] the proceeding in [this] case unreasonably and vexatiously" within the meaning of 28 U.S.C. § 1927;
3. As a discovery sanction pursuant to Rule 37 of the Federal Rules of Civil Procedure; and
4. Pursuant to the Court's inherent power to impose sanctions on a party for bad faith conduct offending the legal process.

Luraco utterly fails to meet its burden. Ecojet will address each in turn.

### A. **Nothing About the Claims, Contentions or Conduct of Ecojet Warrant a Finding of this Case Exceptional or Justify an Award of Fees**

Contrary to Luraco's contention, an award of fees is not "mandated" by a finding that a patent case is exceptional by a preponderance of the evidence. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1752 (2014). Instead Section 285 "provides, in its entirety, that '[t]he court in exceptional cases may award

reasonable attorney fees to the prevailing party.'" *Id.* (quoting 35 U.S.C. § 285). "'When deciding whether to award fees under § 285, a district court engages in a two step inquiry.'" *Kreative Power, LLC v. Monoprice, Inc.*, 2015 WL 1967289, *4 (N.D. Cal. 2015) (quoting *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012). "'First, the court must determine whether the prevailing party has proven that the case is exceptional …. If the district court finds that the case is exceptional, it must then determine whether an award of attorney fees is justified.'" *Id.* (quoting *MarcTec, LLC*, 664 F.3d at 916).

"'[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.'" *Shipping and Transit, LLC v. Hall Enterprises, Inc.* 2017 WL 3485782, *2 (C.D. Cal. 2017) (quoting *Octane Fitness*, 134 S.Ct. at 1757). "District courts determine whether a case is 'exceptional' on a case-by-case basis, 'considering the totality of circumstances.'" *Id.* (quoting *Octane Fitness*, 134 S.Ct. at 1756). "Fees may be awarded where 'a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless' exceptional." *Id.* (quoting *Octane Fitness*, 134 S.Ct. at 1757). "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.*

No court anywhere has considered the conduct Luraco relies upon here to be sufficient to support a threshold exceptional finding. As Luraco points out, the Court granted Ecojet summary judgment on Luraco's inventorship defense because Luraco produced nothing to corroborate the self-serving declaration of the purported co-inventor. (Dkt. 171 at 9:2-12.) While true, Luraco had to oppose Ecojet's motion to summarily dispose of this defense, the Court's ruling demonstrates – contrary to Luraco's contention – that Luraco, and not Ecojet, was the cause of any unnecessary discovery and/or litigation costs associated with this defense. (Dkt. 124 at 8-9.)

**ECOJET'S OPPOSITION TO LURACO'S MOTION FOR ATTORNEY FEES**
7

Even if the Court were to accept Luraco's premise, which it need not, that Ecojet brought suit to maintain a competitive advantage, that fact, without more, does not make a case exceptional. *Checkpoint Systems, Inc. v. All-Tag Security S.A.*, 858 F.3d 1371, 1375 (Fed. Cir. 2017). In *Checkpoint*, the Federal Circuit held that the lower court abused its discretion in finding a case exceptional because the claimant was motivated to "interfere improperly" with the defendant's business "to protect its own competitive advantage." *Id.* The Federal Circuit recognized that "[a] patentees reasonable belief in infringement is not an improper motive. A patentee's assertion of reasonable claims of infringement is the mechanism whereby patent systems provide an innovation incentive." *Id.* Simply, "[e]nforcement of this right is not an 'exceptional case' under the patent law." *Id.*

Luraco ignores the "presumption that an assertion of infringement of a duly granted patent is made in good faith." *Id.* at 1376. Here, as in *Checkpoint*, Ecojet defeated both Luraco's motion for summary judgment and for judgment as a matter of law. *Id.* "'Absent misrepresentations to the court[, which are not asserted here,] a party is entitled to rely on a court's denial of summary judgment and JMOL … as an indication that the party's claims were objectively reasonable and suitable for resolution at trial.'" *Id.* (quoting *Medtronic Navigation, Inc. v. BrainLAB Mediznische Computersysteme GmbH*, 603 F.3d 943, 954 (2010)). Luraco's own decision to change the design of the Accused Devices after the action was filed in an effort to minimize its infringement of the "wall" limitation provides additional support of objective reasonableness not found in *Checkpoint*. (Dkt. 166 at 9.) While the Court correctly determined that Luraco's subjective belief alone is insufficient to prove infringement, Luraco's own belief, at a minimum, is indicative that Ecojet brought its claims in good faith.

While Luraco may find fault with Dr. Johnson's testimony, no one, not even Luraco, disputes that Dr. Johnson was qualified to offer opinions that would assist the Court in determine how a person of ordinary skill in the act would view the Accused

**ECOJET'S OPPOSITION TO LURACO'S MOTION FOR ATTORNEY FEES**
8

Devices against the limitations of the asserted claims. Consistent with the Court's direction in its summary judgment order, Dr. Johnson provided admissible evidence demonstrating "how a person of ordinary skill would apply the claim language to the accused products." (Dkt. 124 at 12.) Luraco, by contrast, offered no admissible evidence to the contrary. *Compare Cambrian Science Corporation v. Cox Communications, Inc.*, 79 F.Supp.3d 1111, 1116 (C.D. Cal. 2015) (exceptional where plaintiff failed to offer anything to support infringement post-construction).

Finally, no court anywhere has ever held a case to be exceptional because a witness was not deposed prior to trial and was absent for some portion of the trial. *Cambrian Science Corporation*, 79 F.Supp. at 1119-1120. As this Court previously recognized, "*Octain Fitness* is not a vehicle to revisit discovery orders or a second bite at imposing sanctions that could have been properly imposed for violations of a party's discovery obligations." *Id.* The discovery abuses referenced by this Court in *Cambrian Science*, are a far cry from what Luraco alleges here, as is the totality of misconduct that warranted this Court's exceptional finding there.

It is Luraco's burden to prove this case exceptional. Luraco cites to nothing analogous, and in *Checkpoint*, the Federal Circuit held that a lower court abused its discretion in finding a case exceptional on facts far more egregious than presented here.

### B. Luraco Fails to Substantiate any Unreasonable or Vexatious Litigation Conduct to Warrant Fees Under Section 1927

Luraco is correct that "Section 1927 provides for attorneys' fees where an attorney 'multiplies the proceedings in a case unreasonably and vexatiously.'" (Dkt. 171 at 6:6-7 [quoting 28 U.S.C. § 1927].) "'Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith.'" *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1008 (9th Cir. 2015) (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989)). "'[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious

claim for the purpose of harassing an opponent.'" *Id*. (additional internal quotation marks omitted).  As mentioned above, the advantage a competitor may achieve by asserting a claim of infringement of a valid patent against a competitor alone is simply not bad faith conduct.  *Checkpoint*, 858 F.3d at 1375.  At best, Luraco can argue that Mr. Luong should have been in court during Ecojet's case-in-chief, even though he was not a witness Ecojet intended to call.  Such conduct is hardly evidence of subjective bad faith of the sort warranting an award under Section 1927.  *Compare Blixseth*, 796 F.3d at 1007-08 (appeal of recusal motion for which fees were awarded was utterly frivolous and rested on demonstrably inaccurate statements).

### C. <u>Luraco Fails to Establish an Entitlement to Any Award Under Rule 37</u>

Luraco is partially correct that "'[t]he district court has broad discretion in determining the appropriate sanction for a party's non-compliance with a discovery request.'"  (Dkt. 171 at 6:16-17 (quoting *Vir2us, Inc. v. Invincea, Inc.*, No. 2:15CV162, 2017 WL 385044 at *1 (E.D. Va. Jan. 27, 2017)).)  Rule 37(a) of the Federal Rules of Civil Procedure permits the recovery of fees incurred in pursuing a motion to compliance with a discovery request.  Fed. R. Civ. Pro. 37(a)(5).  Luraco, however, never sought to compel compliance with any discovery request.  Rule 37(d) allows the Court to award sanctions where a party refuses to attend its own deposition without a prior court order.  *Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1222 (9th Cir. 2018).  "The only requirement is that the party be 'served with proper notice' of the deposition beforehand."  *Id.* (quoting Fed. R. Civ. P. 37(d)(1)(A)(i)).  Here, however, Luraco never served Ecojet with a proper notice for Mr. Luong deposition.  While Ecojet agreed that Mr. Luong could be deposed on July 10, 2017, and counsel for Ecojet cancelled the deposition because they were currently in trial, Luraco never again sought to set the deposition or seek any relief from the Court.  No court anywhere has awarded post-verdict sanction for the failure to attend a deposition with facts remotely like these.

**ECOJET'S OPPOSITION TO LURACO'S MOTION FOR ATTORNEY FEES**
10

### D. **Luraco Fails to Demonstrate that the Court's Inherent Power to Issue Sanctions Warrant an Award of Fees Here**

Luraco is also correct that in addition to its existing statutory and rules based authority, this Court has inherent power to punish contemptuous conduct. (Dkt. 171 at 7:14-15 (citing *Chambers v. NASCO*, 501 U.S. 32, 46 (1991))). "One permissible sanction is an assessment of attorney's fees against a party that acts in bad faith. Such a sanction must be compensatory, rather than punitive, when imposed pursuant to civil procedures." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1182 (2017). "[A] court may award only those fees that the innocent party would not have incurred in the absence of litigation misconduct." *Id.*

Ignoring for a moment that none of the conduct Luraco cites would rise to the level of bad faith sufficient to justify an award of fees, Luraco fails to identify any fees or costs it would not have incurred in defending this action. Other than the exchange of a few emails relating to scheduling, Luraco incurred no fees with respect to its decision not to pursue Mr. Luong's deposition. With respect to any costs incurred with respect to its inventorship defense, the defense was found to have no legal merit. Any costs incurred in pursuing this unmeritorious defense cannot be the fault of Ecojet. Finally, nothing suggests that the length of trial was unreasonably extended simply because Mr. Luong did not attend the presentation of Ecojet's case in chief.

**ECOJET'S OPPOSITION TO LURACO'S MOTION FOR ATTORNEY FEES**
11

## IV. CONCLUSION

For the foregoing reasons the Court should deny Luraco motion for an award of fees.

Dated: July 16, 2018

Respectfully submitted,

FOX ROTHSCHILD

By: /s/ Jeff Grant
John Shaeffer
Jeff Grant
Attorney for Plaintiff Ecojet, Inc.